UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

FEB 0 5 1999

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

| | |
|---|---|
| IN THE MATTER OF<br>TIDEWATER, INC., TIDEWATER<br>MARINE INC. AND TWENTY GRAND<br>OFFSHORE, INC., OWNERS AND/OR<br>OWNERS PRO HAC VICE OF THE<br>*M/V GEERD TIDE* | CIVIL ACTION NO. 98-0081<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE WILSON |

*Lead case*

[CONSOLIDATED WITH]

| | |
|---|---|
| IN THE MATTER OF<br>VERMILION CORPORATION,<br>OWNER OF THE M/V MALLARD | CIVIL ACTION NO. 98-0101<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE WILSON |

**MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION OF MADDOX CLAIMANTS TO LIFT STAY AND/OR RESTRAINING ORDER IN LIMITATION <u>OF LIABILITY PROCEEDINGS</u>**

Claimants, Judith M. Nebhut, James N. Maddox and Ellen M. Christenson, surviving children of Dan W. Maddox, and Robin G. Costa and Earl Bentz, Executors of the Estates of Margaret H. Maddox and Dan w. Maddox (hereinafter referred to as "Maddox Claimants"), through undersigned counsel, respectfully request leave to file the attached Memorandum in Reply to Opposition to the Maddox Claimants' Motion to Lift Stay. In support of this motion, movants state the following:



1.

On December 1, 1998, the Maddox Claimants filed a Motion to Lift Stay and/or Restraining Order in Limitation of Liability Proceeding ("Motion").

2.

On or about January 15, 1999, limitation plaintiffs, Tidewater Inc., Tidewater Marine, Inc., and Twenty Grand Offshore, Inc. (collectively, "Tidewater"), filed a Memorandum in Opposition to Motions to Lift Stay ("Tidewater Opposition").

3.

In Tidewater's Opposition, Tidewater raises points that were not addressed in the Maddox Claimants' Motion and original memorandum in support. The attached reply memorandum is limited to replying to these points.

4.

The Maddox Claimants desire to submit a reply memorandum, which they believe will assist the Court in its resolution of the issue raised in the claimants' motions to lift stay, without in any way delaying such resolution.

5.

Thus, because the Maddox Claimants are unsure whether there will be oral argument on the motions to lift stay, and in order to clarify the issues before the Court and respond to arguments raised by Tidewater in it Opposition, the Maddox Claimants respectfully request Leave to file the attached reply memorandum.

**WHEREFORE**, the Maddox Claimants prays that this Court grant this Motion for Leave to File Reply Memorandum.

Respectfully submitted:

MARTZELL & BICKFORD

_____
John R. Martzell T. A. (9013)
Richard A. Filce (24413)
338 Lafayette Street
New Orleans, Louisiana 70130
Phone: (504) 581-9065
Fax:    (504) 581-7635

**Attorneys for Judith M. Nebhut,
James N. Maddox and Ellen M.
Christenson, surviving children
of Dan. W. Maddox**

**Attorneys for Robin G. Costa and
Earl Bentz, Executors of the Estates
of Margaret H. Maddox and Dan W.
Maddox**

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing Motion and Incorporated Memorandum for Leave to file Reply Memorandum in Support of Maddox Claimants' Motion to Lift Stay and/or Restraining Order in Limitation of Liability Proceeding has been served upon each counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this ____ day of February, 1999.

_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF TIDEWATER, INC., TIDEWATER MARINE INC. AND TWENTY GRAND OFFSHORE, INC., OWNERS AND/OR OWNERS PRO HAC VICE OF THE M/V GEERD TIDE | : : : : | CIVIL ACTION NO. 98-0081  *lead case*<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE WILSON |
| | | *[CONSOLIDATED WITH]* |
| IN THE MATTER OF VERMILION CORPORATION, OWNERJ OF THE M/V MALLARD | : : : | CIVIL ACTION NO. 98-0101<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE WILSON |

O R D E R

Considering the foregoing Motion and Incorporated Memorandum for Leave to File Reply Brief Memorandum and the reasons thereof:

**IT IS ORDERED** that claimants, Judith M. Nebhut, James N. Maddox and Ellen M. Christenson, surviving children of Dan W. Maddox and Robin G. Costa and Earl Bentz, Executors of the Estates of Margaret H. Maddox and Dan W. Maddox ( Maddox Claimants) be and are hereby granted leave to file their Reply Memorandum.

Lake Charles, Louisiana, this _____ day of _____, 1999.

_____
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECD
FEB 0 5 1999
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>TIDEWATER, INC., TIDEWATER<br>MARINE INC. AND TWENTY GRAND<br>OFFSHORE, INC., OWNERS AND/OR<br>OWNERS PRO HAC VICE OF THE<br>*M/V GEERD TIDE* | CIVIL ACTION NO. 98-0081 *(Lead Case)*<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE WILSON |
| | *[CONSOLIDATED WITH]* |
| IN THE MATTER OF<br>VERMILION CORPORATION,<br>OWNERS OF THE M/V MALLARD | CIVIL ACTION NO. 98-0101<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE WILSON |

### MEMORANDUM IN REPLY TO OPPOSITION TO THE MADDOX CLAIMANTS' MOTION TO LIFT STAY

**NOW COME** Claimants, Judith M. Nebhut, James N. Maddox and Ellen M. Christenson, surviving children of Dan W. Maddox, and Robin G. Costa and Earl Bentz, Executors of the Estates of Margaret H. Maddox and Dan W. Maddox (hereinafter referred to as "Maddox Claimants") through undersigned counsel and submit this Memorandum in Reply to Opposition to the Maddox Claimants' Motion to Lift Stay in Limitation of Liability Proceedings filed on behalf of Tidewater Inc., Tidewater Marine, Inc., and Twenty Grand Offshore, Inc. (Tidewater).

I.

## All Claimants Have Agreed to Enter into Stipulations Necessary
## To Lift the Stay in the Tidewater Limitation

Initially, the Maddox Claimants would note that Tidewater has cited no case requiring the Claimants to file a uniform set of Stipulations, signed and submitted in writing to the Court prior to or concurrent with the filing of the Motion to Lift Stay. In fact, courts have recognized the fact that the parties need only evince their agreement to the principles of the necessary stipulations, and not necessarily file formal stipulations with their motion to lift stay. Texaco, Inc. v. Williams, 47 F.3d 765, 769 (5th Cir. 1995) ("During oral argument Appellants agreed to enter into stipulations. . ."; Luhr Bros. Inc. v. Gagnard 765 F.Supp. 1264, 1266 (W.D.La. 1991) ("At the hearing, counsel for the Gagnards agreed to stipulate to certain matter.").

This procedure makes sense, as a court will often be asked to address disputes as to the elements required in the Stipulation. Given the parties dispute in the instant motion over whether Claimants must stipulate that exoneration from liability be reserved for this Court (see Section III), a procedure allowing the exact form of the required Stipulations to be worked out following oral argument would be most efficient. At this time, it suffices that the Claimants demonstrate agreement to general principles of the stipulation. As stated in the Reply brief of the Robertson Claimants, all Claimants to the Tidewater limitation have indicated agreement to the stipulations. Once the required stipulation is determined by this Court, it can simply issue a judgment granting the instant motion conditioned upon Claimants entering into the appropriate stipulation.

Secondly, again without citation to authority, Tidewater appears to assert that it may prevent this Court from lifting the stay in its own limitation by refusing to agree to the stipulation offered to lift the stay in the Vermilion limitation. On its face, this argument must fail. All Claimants to the Tidewater limitation have demonstrated agreement to the stipulations. Tidewater is not a claimant in its own limitation. There is no basis in law or equity for allowing Tidewater to prevent Claimants from proceeding against it in state court simply because it has chosen not to proceed in state court in its action against Vermilion. In fact, the holding urged by Tidewater would run contrary to the preference of the saving to suitors clause for jury trials in the forum of the claimant's choice. Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996).

Further, Tidewater's refusal to join in stipulations as to the Vermilion limitation should not prevent this Court from lifting that stay. In In re M/V Miss Robbie, 968 F.Supp. 305, 307-08 (E.D.La. 1997), the Court noted that it is not necessary that third parties who might have contribution or indemnity claims against the shipowner sign the stipulations in order for the claimants to proceed in state court. In so holding, the Court cited to an Eleventh Circuit case which, after analyzing Fifth Circuit precedent, found that, even when there were co-defendants currently in the suit which refused to sign the stipulation, the claimants' stipulation that they would not enforce any excess judgment as would expose the vessel owner to liability in excess of the limitation fund was sufficient to protect the vessel owner from excess liability at the hands of third parties. Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1043 (11th Cir.1996); See also Complaint of Dammers & Vanderheide, 836 F.2d 750, 758-760 (2nd Cir.1988).

3

The reasoning underlying these decisions is that, once the claimants stipulate that they will not enforce a judgment over the amount of the limitation, the vessel owner will not face indemnity or contribution claims which exceed the fund. If the Claimants stipulate as explained, it is unnecessary for the co-defendants to stipulate. Thus, the Maddox Claimants submit that their stipulations in the instant matter should be sufficient to lift the stay in both the Vermilion and Tidewater limitations.

## II.

### Priority of Claims Is Inherently Addressed

The Robertson Claimants properly argue that priority of claims is not at issue because no claimant has asserted priority. Thus, in the context of this action, the policies and goals of the limitation proceeding are not endangered.

> The purpose of limitation proceedings is ..., in an equitable fashion, to provide a marshalling of assets—the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full.

Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 302 (5th Cir. 1998). Citing Petition of Tex. Co., 213 F.2d 479, 482 (2nd Cir.1954).

By definition, a limitation proceeding provides for the pro rata distribution of a limited fund. Because pro rata distribution is the "default" rule in a limitation proceeding and no party has asserted a right to priority, the Maddox Claimants respectfully submit that there is no additional requirement of a priority stipulation. By agreeing to stipulate to this Court's exclusive jurisdiction over the adjudication of Tidewater's right to limitation and the determination of the value of the limitation, Claimants have adequately protected Tidewater's rights.

In an abundance of caution, however, the Maddox Claimants concur with the Robertson Claimants and are prepared to stipulate to a pro rata distribution should Tidewater be entitled to limitation. The Maddox Claimants therefore request leave of this Court to add such a stipulation should it be deemed necessary.

### III.

### Tidewater Has No Right to a Stipulation Regarding Federal Jurisdiction Over Exoneration

In short, Tidewater asserts that in order to have the stay lifted, Claimants must stipulate to this Court's jurisdiction to determine its right, not only to limitation of liability, but to exoneration from liability as well. As acknowledged by Tidewater's brief, there are only two reported Louisiana cases addressing this question: a 1996 Eastern District case decided by Judge Vance[1] and a 1998 Eastern District decision by Judge Fallon[2]. As correctly pointed out in the reply brief filed by the Robertson Claimants, there is no Fifth Circuit case on point. Further, there is no reported Western District case on point. Of course, any unreported decisions carry no authority and should not be considered.[3] Thus, under any fair interpretation of the existing caselaw, Tidewater's conclusion that Judge Fallon's decision is "against the great weight of authority," is not an accurate description.

---

[1] Matter of Tidewater, Inc., 938 F.Supp. 375 (E.D.La. 1996).

[2] Matter of Falcon Inland, Inc., 2 F.Supp.2d 835 (E.D.La. 1998).

[3] 5th Cir. R. 47.5.4 states "Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata...." However, it should be noted that, as stated in the Robertson Claimants' reply, even including the unreported decisions, there are a total of two judges that have required exoneration stipulations and two that have held that such a stipulation is not required.

5

the Limitation of Liability Act dictated that only limitation of liability, and not exoneration, was within that Act's mandatory federal jurisdiction. <u>Matter of Falcon Inland, Inc.</u>, 2 F.Supp.2d 835, 837 (E.D.La. 1998). Thus, the claimants were not required to stipulate to the federal court's exclusive jurisdiction over exoneration.

Finally, should this Court decide that claimants must stipulate to federal jurisdiction over exoneration, the Maddox Claimants join with the Robertson Claimants in requesting a brief time period within which to enter the necessary stipulation or ask for permission to appeal the ruling.

**NOW THEREFORE** move this Honorable Court for an Order Lifting the Stay and/or Restraining Order previously issued by this Court to permit the Maddox Joint Claimants to proceed in Louisiana State Court to have determined the liability of Defendants and the damages sustained by the Maddox Joint Claimants, reserving jurisdiction in this Court, to determine any limitation of liability by or in favor of the Defendants.

Respectfully submitted:

**MARTZELL & BICKFORD**

_____
John R. Martzell, T. A. (9013)
Richard A. Filce (24413)
338 Lafayette Street
New Orleans, LA   70130
Phone: (504) 581-9065
Fax:   (504) 581-7635

**Attorneys for Judith M. Nebhut, James N. Maddox and Ellen M. Christianson surviving children of Dan W. Maddox**

                                        **Attorneys for Robin G. Costa and Earl Bentz, Executors of the Estates of Margaret H. Maddox and Dan W. Maddox**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon all known counsel of record as follows, by forwarding a copy of same via U.S. Mail, postage paid and properly addressed to each known party, this ____ day of February, 1999.

                                        _____
                                        JOHN. R. MARTZELL

F:\CLIENTS\MADDOX\PLEADING\LIFT_REP.LY

# MARTZELL & BICKFORD

## ATTORNEYS AT LAW

JOHN R. MARTZELL *
SCOTT R. BICKFORD **
REGINA O. MATTHEWS
DUGGAN F. ELLIS
M. SUZANNE MONTERO
RICHARD A. FILCE
RAY L. RHYMES ***

338 LAFAYETTE STREET
NEW ORLEANS, LOUISIANA 70130 - 3244

(504) 581-9065
FACSIMILE (504) 581-7635

CHRISTOPHER H. SHERWOOD††
LITIGATION ADMINISTRATOR
STEPHEN C. WOLF, CPA††
FIRM ADMINISTRATOR

††NOT LICENSED TO PRACTICE LAW
E-MAIL MB@MARTZELLBICKFORD.COM

*A PROFESSIONAL CORPORATION
**ALSO ADMITTED IN TEXAS & COLORADO
***ALSO ADMITTED IN TEXAS & GEORGIA

**February 3, 1999**

RECEIVED
FEB 05 1999

The Honorable Robert H. Shemwell
Clerk of Court
United States District Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, LA 71101

re: In the matter of Tidewater, Inc., Tidewater Marine, Inc., and Twenty Grand Offshore, Inc., owners and/or owners Pro Hac Vice of the *M/V GEERD TIDE* USDC, W.D.LA CV98-0081

In the matter of Vermilion Corporation owner of the *M/V MALLARD* USDC, W.D.LA CV98-0101

Dear Mr. Shemwell:

Enclosed please find a Memorandum a Reply to Opposition to the Maddox Claimants' Motion to Lift Stay. Also enclosed is a Motion and Incorporated Memorandum for Leave to File Reply Memorandum.

I have also enclosed a self-addressed stamped envelope for return of the conformed copies to the undersigned. Please contact me if you have any questions concerning the enclosed.

Respectfully,

MARTZELL & BICKFORD

Connie L. Cossé
Paralegal to John R. Martzell

CLC/jg
enc.
cc: all counsel