

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
REC'D
MAR 1 9 1999
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 03-24-99
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF TIDEWATER, INC., TIDEWATER MARINE, INC. AND TWENTY GRAND OFFSHORE, INC., OWNERS AND/OR OWNERS PRO HAC VICE OF THE M/V GEERD TIDE | : : : : : : | CONSOLIDATED ACTION NO. 98-CV-0081  *lead case* <br><br> JUDGE TRIMBLE <br><br> MAGISTRATE JUDGE WILSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN THE MATTER OF VERMILION CORPORATION, OWNER OF THE M/V MALLARD | : : : : : | CIVIL ACTION NO. 98-0101 <br><br> JUDGE TRIMBLE <br><br> MAGISTRATE JUDGE WILSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CLAIMANT, EUGENE CHURCH'S ANSWER
TO THE COMPLAINT OF TIDEWATER INC.,
TIDEWATER MARINE, INC., AND TWENTY GRAND OFFSHORE,
INC. FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, comes claimant, Eugene Church, and for answer to the Complaint of Tidewater, Inc., Tidewater Marine, Inc., and Twenty Grand Offshore, Inc., owners and/or owners pro hac vice of the M/V GEERD TIDE , states the following:

1.  The allegations in Paragraph No. 1 are admitted.



2. The allegations in Paragraph No. 2 are admitted.

3. The allegations in Paragraph No. 3 are admitted.

4. The allegations in Paragraph No. 4 are admitted.

5. The allegations in Paragraph No. 5 are admitted.

6. The allegations in Paragraph No. 6 are denied for lack of sufficient information to justify a belief therein.

7. The allegations in Paragraph No. 7 are admitted.

8. The allegations in Paragraph No. 8 are admitted.

9. To the extent that an answer is required, the allegations o Paragraph No. 9 are denied.

10. The allegations in Paragraph No. 10 are denied for lack of sufficient information to justify a belief therein.

11. The allegations in Paragraph No. 11 are denied for lack of sufficient information to justify a belief therein.

12. The allegations in Paragraph No. 12 are denied.

13. The allegations in Paragraph No. 13 are denied.

14. To any extent that an answer is required, the allegations in Paragraph No. 14 are denied that complainants are entitled to the benefit of exoneration from liability and/or benefit of limitation of liability.

15. The allegations in Paragraph No. 15 are denied for lack of sufficient information to

justify a believe therein.

16. The allegations in Paragraph No. 16 are admitted.

17. The allegations in Paragraph No. 17 are admitted except as to the aggregate value of complainant's interest in the M/V GREED.

18. The allegations in Paragraph No. 18 are admitted.

19. The allegations in Paragraph No. 19 are admitted.

## **CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Claimant, Eugene Church, and under protest and without prejudice to Claimant's position that this limitation of liability action is improper and is filed in an improper venue and should be dismissed, makes Claim against Petitioners' Tidewater, Inc., Tidewater Marine, Inc., and Twenty Grand Offshore, Inc., owners and/or owners pro hac vice of the M/V GEERD TIDE, as follows:

1.

On or about January, 15 1998, plaintiff, Eugene Church, was employed by defendant, Tidewater, Inc., and/or Tidewater Marine, Inc., and/or Twenty Grand Marine Service, Inc., as a Captain assigned to M/V GEERD TIDE, in the capacity of Captain, and in this capacity was engaged in the maintenance and operation of said vessel, entitling plaintiff to bring this action in this Honorable

Court pursuant to the Jones Act, 46 USCA 688.

2.

On or about January 15, 1998, defendants, Tidewater, Inc., and/or Tidewater Marine, Inc., and/or Twenty Grand Marine Service, Inc., owned, operated and/or controlled the M/V GEERD TIDE.

3.

On or about January 15, 1998, as the M/V GEERD TIDE, was operating in the dark in the Intercoastal Waterway in Louisiana, with the mate at the controls, the M/V GEERD TIDE collided with a vessel being operated by a group of duck hunters, tossing plaintiff about the galley.

4.

At the time of this collision, plaintiff was placed in great fear of his own drowning or injury in the event of a fire, sinking, or explosion aboard the M/V GEERD TIDE.

5.

As result of the collision, several individuals aboard the duck hunters' vessel drowned. Prior to their deaths, plaintiff, Eugene Church, was exposed to their prolonged cries for help and assistance, which he was helpless to render.

6.

A cause of this accident was the fault and/or negligence of the defendants, Tidewater, Inc., and/or Tidewater Marine, Inc., and/or Twenty Grand Marine Service, Inc., in the following non-

4

exclusive respects:

    a.    Operating the M/V GEERD TIDE at an unsafe speed;

    b.    Failing to operate the M/V GEERD TIDE in a reasonable safe manner;

    c.    Failing to observe the duck hunters' vessel before the collision in time to avoid the collision;

    d.    Failing to provide plaintiff, Eugene Church, with a safe place to work; and

    e.    Other acts of negligence which will be proven at trial hereof.

7.

A proximate cause of this accident was the unseaworthiness of the M/V GEERD TIDE and its appurtenances.

8.

This accident occurred while plaintiff, Eugene Church was in the service of the vessel, M/V GEERD TIDE, entitling him to receive maintenance and cure.

9.

As a direct and proximate result of this accident, plaintiff Eugene Church sustained serious physical injuries, as well as psychological and/or psychiatric injuries to his mind as a result of fear for his own safety and life, as well as anguish over his exposure to the death cries of the passengers on the duck hunters' vessel.

...

10.

Plaintiff, Eugene Church was not at fault in causing this accident or the resulting damages.

11.

Plaintiff, Eugene Church requests trial by jury on all issues presented herein.

WHEREFORE, premises considered, Claimant, Eugene Church, prays that Tidewater, Inc., Tidewater Marine, Inc., and Twenty Grand Offshore, Inc., owners and/or owners pro hac vice of the M/V GEERD TIDE's Complaint seeking exoneration from or limitation of liability be dismissed; alternatively, Claimant prays that the Court appoint a commissioner to appraise the vessel and that Claimant have judgment against Petitioners and other defendants herein, for the full value of his claim; and for such other and further relief to which Claimant may be justly entitled.

Respectfully submitted,

RANDY J. UNGAR & ASSOCIATES, INC.

RANDY J. UNGAR (12387)
GEORGE W. BYRNE, JR. (3744)
DAVID C. HESSER (23131)
365 Canal Street, Suite 2030
New Orleans, Louisiana 70130
(504) 566-1616

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been forwarded to all known

6

counsel of record in the above numbered and entitled proceeding by placing a copy of same in the United States Mail, properly addressed and postage this ___ day of March, 1999.

_____
George W. Byrne, Jr.